# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

DOCKET NO. 3:07-cv-00285-W

| | | |
|---|---|---|
| ACCRETIVE COMMERCE. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| KENCO GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THE MATTER is before the Court on Defendant's Motion for Partial Reconsideration (Doc. No. 46). Plaintiff has not yet responded; however, the Court finds that no response is necessary. For the reasons stated herein and in the Court's order of February 13, 2007, the Court DENIES Defendant's motion.

Defendant requests this Court partially reconsider its order of February 13, 2007, (Doc. No. 45), specifically that portion denying the motion to dismiss claims five and six for fraudulent misrepresentation and negligent misrepresentation respectively. Defendant argues that because Plaintiff's claims for breach of the Lease fail, it follows that Plaintiff cannot establish the "reliance" element of the misrepresentation claims. In essence, Defendant argues that Plaintiff's misrepresentation claims are deficient because its only alleged reliance was to not terminate the lease, and Plaintiff had no legal grounds for such termination.

Construing the allegations in the light most favorable to Plaintiff, as this Court is required to do, see Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993), the Court disagrees with Defendant's argument. Here, Plaintiff (and Defendant for that matter) always had the ability to

terminate the Lease prior to its expiration. Such conduct, of course, would most likely constitute a breach and result in a judgment for contractual damages. At the time the representations at issue were made, Plaintiff was faced with the option of breaching the Lease and incurring contractual damages or continuing under the Lease in hopes that its business operations would be no longer injured by Defendant's conduct. Indeed, after being informed that Defendant would no longer lure away its employees and in lieu of the alleged collapse of its enterprise by the purported fraud of Defendant, Plaintiff restrained from intentionally breaching the Lease. This conclusion is plausible under the allegations in the Complaint. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Plaintiff specifically alleged that following the representations by Defendant's chief operating officer, it relied on such statements by "choosing not to terminate the Lease." (Compl., ¶ 69, 74).

IT IS THEREFORE ORDERED that Defendant's Motion for Partial Reconsideration is DENIED. The deadlines set forth in this Court's Order of February 13, 2008, (Doc. No. 45) remain intact and unchanged.

IT IS SO ORDERED.

Signed: February 19, 2008

Frank D. Whitney
United States District Judge